

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 17, 1950

Hon. A. C. Winborn
District Attorney
Houston, Texas

Opinion No. V-1002.

Re: The authority of the
Sheriff to refuse to
levy out-of-county
executions which are
not accompanied by
the statutory fees

Dear Sir:
or pauper's oaths.

Your request for an opinion relating to fees
for execution of process is substantially as follows:

"The Civil Department of the Sheriff's
Office of Harris County has received, and
is still receiving many executions in civ-
il cases from counties other than Harris
County requesting that the Sheriff levy and
return said executions. They are not accom-
panied by any fees, as provided by Statute,
or paupers' oaths, as provided by the Rules
of Civil Procedure. The Sheriff has, without
success, requested that the Statutory fees be
paid in advance. I am advised that the Coun-
ty Auditor has emphatically stated that un-
less these fees are collected he will hold
the Sheriff personally responsible for them;
the fees going to the General Fund and not
to the Sheriff personally. The parties who
have requested these services of the Sher-
iff's Department and who have failed to pay
the fees in advance are now threatening to
sue the Sheriff and his bondsmen for fail-
ure to execute and return these executions.

"I am reliably informed that sheriffs
of other counties throughout the State are
confronted with the same question.

"QUESTION: Is the Sheriff legally justifi-
ed in refusing to levy and return these
out-of-county executions where they are not
accompanied with the Statutory fees or

pauper's oaths?"

We agree with the conclusion you have reached in the able brief accompanying your request.

Article 3933, V.C.S., provides the following fees in part:

"Sheriffs and constables shall receive the following fees:

Levying each execution, ......... $1.00
Return of execution, ............ $1.00."

Rule 17 of the Texas Rules of Civil Procedure is as follows:

"Except where otherwise expressly provided by law or these rules, the officer receiving any process to be executed shall not be entitled in any case to demand his fee for executing the same in advance of such execution, but his fee shall be taxed and collected as other costs in the case."

Rule 126 of the Texas Rules of Civil Procedure is as follows:

"No sheriff or constable shall be compelled to execute any process in civil cases coming from any county other than the one in which he is an officer, unless the fees allowed him by law for the service of such process shall be paid in advance; except when affidavit is filed, as provided by law or these rules. The clerk issuing the process shall indorse thereon the words, 'pauper oath filed,' and sign his name officially below them; and the officer in whose hands such process is placed for service shall serve the same."

By reason of the first portion of Rule 126 it is evident that the officer executing process in civil cases coming from another county may require his fees in advance for the service of process. It is our opinion that the last portion of the first sentence of said Rule which states, "except when affidavit is filed, as provided by law or these rules" has reference to the affidavit

filed wherein the inability to pay costs is brought to the attention of the Court.  This being true the clerk merely indorses on the process the words "pauper oath filed."

Rule 145 of the Texas Rules of Civil Procedure is the Rule authorizing a party to execute an affidavit that he is too poor to pay the costs of court and his inability to give security therefor.

By reason of the foregoing and particularly the clear import of Rule 126, it is the opinion of this office that a sheriff or constable may require fees in advance or the execution of a pauper's oath for the service of process coming from any county other than the one in which he is an officer.

## SUMMARY

A sheriff or constable may not be compelled to execute process in civil cases coming from any county other than the one in which he is an officer unless the fees allowed by law for such service of process are paid in advance or a pauper's oath is filed in lieu thereof.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

BW:bh:mw

By Burnell Waldrep
Assistant